1 | DENNIS A. CAMMARANO/BAR NO. 123662
CAMMARANO LAW GROUP
2 | 555 East Ocean Boulevard, Suite 501
Long Beach, California 90802
3 | Telephone: (562) 495-9501
Facsimile: (562) 495-3674
4 | Dcammarano@camlegal.com

5 | Attorneys for Plaintiff
TOKIO MARINE AMERICA INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| TOKIO MARINE AMERICA INSURANCE COMPANY, | ) In Admiralty |
|---|---|
| Plaintiff, | ) ECF CASE |
| | ) Case No.: |
| vs. | ) **COMPLAINT FOR:** |
| | ) 1. **DAMAGE RE CONTAINERIZED CARGO;** |
| UPS OCEAN FREIGHT SERVICES, INC.; and DOES 1 through 10, inclusive, | ) 2. **BREACH OF CONTRACT;** |
| Defendants. | ) 3. **BREACH OF WARRANTY** |

COMES NOW, Plaintiff, TOKIO MARINE AMERICA INSURANCE COMPANY (hereinafter "TOKIO MARINE" or "Plaintiff"), for its causes of action against UPS OCEAN FREIGHT SERVICES, INC. (hereinafter "UPS" or with co-defendants "Defendants") and Does 1 through 10, inclusive, alleges as follows:

\\

\\

*Complaint for Damage of Cargo*

## JURISDICTION AND VENUE

1. This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's admiralty and maritime jurisdiction. As well, this court has jurisdiction under a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701 et. seq.

2. Venue is proper in this judicial district as the bill of lading at issue specifies this court in this judicial district as the designated forum for resolution of disputes.

3. Plaintiff is an insurance corporation with an office and place of business care of Tokio Marine Claims Service, Inc., at 800 East Colorado Blvd., Pasadena, CA 91101. Plaintiff is the insurer for AZUMA FOODS INTERNATIONAL INC. ("AZUMA") and brings this action as the subrogated insurer of the below described having insured the cargo against risk of loss or damage and having paid the loss.

4. At all times material herein, Defendant is a global transportation enterprise and non-vessel operating common carrier providing multimodal transportation services. UPS operates in this judicial district with its corporate headquarters located at 35 Glenlake Parkway NE, Suite 140, Atlanta, GA 30328.

5. Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as Does 1 through 10 inclusive, except that Plaintiff is informed and believes, and on that basis alleges, the damage to the cargo was proximately caused by Defendants' wrongful acts. Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants were at all times herein mentioned the agent, servant,

employee or contractor of the other Defendants.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

(Damage to Cargo)

7. Plaintiff refers to paragraphs 1 through 6, inclusive, of this complaint and incorporates them herein as though fully set forth.

8. On or about September 24, 2020, UPS accepted a containerized shipment of frozen foodstuffs (in container HLXU8728123)("Cargo") under the face of UPS sea waybill 7800721841 to be carried -20○ Celsius (-4○ Fahrenheit) from Oakland, California to Leixoes, Portugal in the same good order and condition as when received.

9. Instead, the Cargo was high side temperature abused while in the care and custody of Defendants or its contractors.

10. Defendants, and each of them, failed to carry the Cargo at its agreed transit temperature of -20○ Celsius or otherwise maintain its good order and condition as when received. To the contrary, the Cargo was damaged while in the actual or constructive care and custody of Defendants.

11. By reason of the foregoing, the Plaintiff paid its insured for the Cargo and suffered damages in the sum of $94,188.73, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefore.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

(Breach of Contract)

12. Plaintiff refers to paragraphs 1 through 11, inclusive, of this complaint and incorporates them herein as though fully set forth.

13. On or about September 24, 2021, Defendants, and each of them, agreed to safely receive transport and deliver the Cargo in the same good order and condition as when received.

14. Defendants, and each of them, materially and substantially breached

and deviated from their agreement by failing to deliver the containerized Cargo in the same good order and condition as when received.

15. All, of any, conditions and/or covenants required to be performed in accordance with the terms and conditions of the agreement, were complied with or otherwise excused.

16. As a direct and proximate result of the material breach of, and deviation from, the agreements by Defendants, Plaintiff has been damaged in the sum of $94,188.73, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Breach of Warranty)

17. Plaintiff refers to paragraphs 1 through 17, inclusive, of the Complaint and incorporates them herein as though fully set forth.

18. In having the container housing the Cargo set, Defendants warranted that they would perform the services in a workmanlike manner using the equipment and personnel to properly set the container's temperature.

19. Defendants or others whose conduct is impute to Defendants improperly set the container's temperature and thus, breached their warranty.

20. As a direct and proximate result of defendant's breach of warranty, Plaintiff has been damaged in the sum of $94,188.73, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For general damages in the sum of $94,188.73, plus miscellaneous expenses, interest and costs;

2. For pre-judgment interest at the rate of 10% per annum from October

1 | 8, 2020;

2 |     3.    For post-judgment interest at the rate of 10% per annum;

3 |     4.    For costs of suit herein; and

4 |     5.    For such other and further relief as this court deems just and proper.

6 | Dated: July 02, 2021                    CAMMARANO LAW GROUP

8 |                                   By: */s/ Dennis A. Cammarano*
                                        Dennis A. Cammarano
                                        Attorney for Plaintiff,
                                        TOKIO MARINE AMERICA
                                        INSURANCE COMPANY
                                        3550 Complaint 070121.wpd