1  **COUNTRYMAN & McDANIEL, LLP**
   MICHAEL S. McDANIEL, ESQ. [State Bar No. 66774]
2  McD@cargolaw.com
   MARK P. ESTRELLA [State Bar No. 187091]
3  MPEstrella@cargolaw.com
   LAX Airport Center, Twelfth Floor
4  5901 West Century Boulevard
   Los Angeles, California 90045
5  Telephone: (310) 342-6500 | Facsimile: (310) 342-6505

6  Attorneys for Defendants and Third-Party Plaintiffs
   UPS OCEAN FREIGHT SERVICES, INC. and
7  UPS SUPPLY CHAIN SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| TOKIO MARINE AMERICA INSURANCE COMPANY, | CASE NO. 2:21-cv-05407-AB-ADS |
|---|---|
| Plaintiff, | **NOTICE OF SETTLEMENT AND REQUEST TO VACATE JANUARY 27, 2023 FINAL PRETRIAL CONFERENCE AND FEBRUARY 14, 2023 TRIAL DATE ALONG WITH ALL RELATED DEADLINES** |
| vs. | |
| UPS OCEAN FREIGHT SERVICES, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |
| And Related Third-Party Action. | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that all the parties who have appeared in the above-referenced case have reached a settlement. A formal settlement agreement has been executed, a copy of which is attached. The parties request that the Court retain jurisdiction for forty-five (45) days to give the defendants time to fund the settlement. Once all the settlement funds have been received and cleared, an executed Stipulation of Dismissal will be filed. In the meantime, the parties request that the Court vacate the Final Pretrial Conference scheduled on January 27, 2023, the Trial scheduled on February 14, 2023, and all related deadlines.

Dated: 15 December 2022      **CAMMARANO LAW GROUP**

By:  /s/ Dennis A. Cammarano
          Dennis A. Cammarano

Attorneys for Plaintiff TOKIO MARINE AMERICA INSURANCE COMPANY

Dated: 15 December 2022      **COUNTRYMAN & McDANIEL, LLP**

By:  /s/ Mark P. Estrella
          Mark P. Estrella

Attorneys for Defendants and Third-Party Plaintiffs UPS OCEAN FREIGHT SERVICES, INC. and UPS SUPPLY CHAIN SOLUTIONS, INC.

Dated: 15 December 2022      **BASIC LEGAL SERVICES**

By:  /s/ John H. Cigavic III
          John H. Cigavic III

Attorneys for Third-Party Defendant and Counterclaimant RELIABLE EXPRESS TRANSPORTATION, INC.

- 1 -
NOTICE OF SETTLEMENT AND REQUEST TO VACATE FINAL PRETRIAL CONFERENCE, TRIAL, AND DEADLINES

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "AGREEMENT") is entered into by and between: **(i)** Tokio Marine America Insurance Company ("Tokio Marine"); **(ii)** UPS Ocean Freight Services, Inc. ("UPS Ocean") and UPS Supply Chain Solutions, Inc. ("UPS-SCS") (collectively, "UPS"); and **(iii)** Reliable Express Transportation, Inc. ("Reliable") with reference to a dispute as set forth herein.

### RECITALS

*Whereas,*

A.  On or about 2 July 2021, Tokio Marine filed a Complaint in the United States District Court for the Central District of California against UPS Ocean, case number 2:21-cv-05407 AB-ADS. On or about 5 August 2020, UPS Ocean filed an Answer to the Complaint and a Third-Party Complaint against Hapag-Lloyd Aktiengesellschaft and Hapag-Lloyd (America) LLC (collectively, "Hapag-Lloyd") as well as Reliable. On or about 29 September 2021, Tokio Marine filed an Amended Complaint adding UPS-SCS as a defendant. On or about 18 October 2021, UPS (comprised of UPS-Ocean and UPS-SCS) filed an Answer to the Amended Complaint and an Amended Third-Party Complaint against Hapag-Lloyd and Reliable. On or about 9 December 2021, Reliable filed an Answer to the Amended Third-Party Complaint and a Counterclaim against UPS. The aforementioned operative Amended Complaint, Answers, Amended Third-Party Complaint, and Counterclaim filed in case number 2:21-cv-05407 AB-ADS are collectively referred to herein as the "LITIGATION."

B.  The LITIGATION concerned the shipment of container HLXU8728123 said to contain frozen food stuffs being transported from Hayward, California to Madrid, Spain via the ports of Oakland, California and Lexioes, Portugal in or about September/October/November 2020 under UPS waybill number 7800721841, Hapag-Lloyd bill of lading number HLCUBSC2009BFPW0, and road transportation document(s) issued by Reliable (the "CARGO").

C.  UPS and Reliable each deny the allegations made against them in the course of the LITIGATION.

D.  The parties hereto desire to enter into this AGREEMENT in order to provide certain payments and credits in full settlement and discharge of all claims that are or might have been the subject of the LITIGATION as between them or that arise from or are related to the CARGO. Payment and consideration hereunder is made in compromise of disputed claims and solely for the purpose of avoiding further expense, inconvenience, and distraction of litigation, upon the terms and conditions set forth below.

*Now therefore,*

1.  **Claim Ownership**

    Each party to this AGREEMENT warrants and represents that it is the sole owner of the claims, demands, obligations and benefits relating to and/or arising out of the CARGO and as alleged in the LITIGATION, and that such claims, demands, obligations and benefits are free and clear of any liens or encumbrances.

2.  **Release and Discharge relating to the CARGO and LITIGATION**

    For and in consideration of respective payments to Tokio Marine totaling US$70,000 (seventy-thousand United States dollars), as follows,

    • payment by UPS in the sum of US$59,000 (fifty-nine-thousand United States dollars);

    • payment by Reliable in the sum of US$11,000 (eleven-thousand United States dollars);

each party to this AGREEMENT (the "MUTUAL RELEASORS") completely releases and forever discharges each other party and its respective successors, successors-in-interest, assigns, subsidiaries, affiliated or related legal entities, shareholders, officers, directors, principals, agents, employees, servants, representatives, and all persons, firms, associations, and

corporations connected with them, including without limitation their insurers, sureties, underwriters, reinsurers and attorneys (the "MUTUAL RELEASEES"), of and from any and all claims, demands, causes of action, obligations, liens, damages, losses, costs, attorneys' fees, and expenses of every kind and nature whatsoever, known and unknown, fixed or contingent, including without limitation any claims for alleged breach of the implied covenant of good faith and fair dealing, which the MUTUAL RELEASORS have or may hereafter have against the MUTUAL RELEASEES by reason of any matter, cause, or thing arising out of the CARGO and/or the LITIGATION.

The releases set forth herein shall extend to every type of claim, whether based on a tort, contract, or other theory of recovery that the MUTUAL RELEASORS now have, or that may hereafter accrue or otherwise be acquired, by reason of any matter, cause, or thing arising out of the CARGO and/or the LITIGATION, including, without limitation, any and all known or unknown claims.

The MUTUAL RELEASORS acknowledge and agree that the releases and discharges set forth herein constitute a general release as to all claims arising out of the CARGO and/or the LITIGATION. The MUTUAL RELEASORS expressly waive and assume the risk of any and all claims for damages that exist as of this date, but of which they do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect their respective decisions to enter into this AGREEMENT. The MUTUAL RELEASORS further agree that they have accepted the consideration herein as a complete compromise of matters involving disputed issues of law and fact. The MUTUAL RELEASORS assume the risk that the law or facts may be other than what they believe. THE MUTUAL RELEASORS understand and agree that this AGREEMENT is a compromise of a disputed claim, and the payments are not to be construed as an admission of liability on the part of the MUTUAL RELEASEES, who expressly deny liability.

The MUTUAL RELEASORS acknowledge that they have had the benefit of legal counsel, and have been advised of, understand, and knowingly and specifically waive their rights under California Civil Code section 1542, which provides:

> A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing a release, which if known by him or her must have materially affected his or her settlement with the debtor.

3. **Payment of Consideration**

The respective payment by UPS and Reliable under this AGREEMENT shall be made payable to "Cammarano Law Group, in trust" and shall be received by Cammarano Law Group no later than twenty-one (21) days from the date a fully executed copy of this AGREEMENT is delivered to Tokio Marine.

4. **Attorneys' Fees and Costs**

Each party to this AGREEMENT shall bear its respective attorneys' fees and costs arising out of or connected in any way with the LITIGATION and this AGREEMENT.

5. **Dismissal of Litigation with Prejudice**

Upon UPS and Reliable paying the consideration under this AGREEMENT, each party to this AGREEMENT shall cooperate to effect the prompt filing of a Stipulation for Dismissal with Prejudice (or equivalent filings) of the operative Amended Complaint and/or their respective third-party complaint or counterclaim against a party to this AGREEMENT in the LITIGATION.

6. **Warranty of Authorized Signatories**

Each signatory hereto warrants and represents that he or she is competent and authorized to enter into this AGREEMENT on behalf of the party for which such signatory purports to sign.

**7.     Entire Agreement and Successors in Interest**

This AGREEMENT is the final expression of the MUTUAL RELEASORS' agreement on the compromise and settlement of the LITIGATION, and this AGREEMENT shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each MUTUAL RELEASOR.

**8.     Governing Law**

This AGREEMENT shall be interpreted in accordance with and governed in all respects by the laws of the State of California and any dispute under this AGREEMENT shall be determined in the Central District of California and each party agrees to submit to such jurisdiction with respect to any dispute arising under this AGREEMENT.

**9.     Severability**

If any provision of this AGREEMENT shall for any reason be held to be invalid or unenforceable, then the remainder of this AGREEMENT shall be unaffected thereby, and remain in full force and effect.

**10.    Effective Date**

This AGREEMENT shall be effective on the date that it has been signed by all parties.

**11.    Counterparts**

The parties may sign this AGREEMENT in counterparts, and each signed counterpart shall become part of the final AGREEMENT and shall have the same force and effect thereof. A copy of any signature on a signature page, whether by facsimile, e-mail, or otherwise, shall be as valid and binding as an original signature.

*Tokio Marine America Insurance Company*            *Reliable Express Transportation, Inc.*

_____            _____

By: _____             By: _____

Its: _____             Its: _____

Date:_____            Date:_____

*UPS Supply Chain Solutions, Inc. and*
*UPS Ocean Freight Services, Inc.*

_____ *[signature]*

By: \_\_\_\_Wanda Pacheco_____

Its: \_\_\_\_Cargo Claims Manager\_\_\_\_\_

Date:\_\_\_\_12/13/2022_____

**7.     Entire Agreement and Successors in Interest**

This AGREEMENT is the final expression of the MUTUAL RELEASORS' agreement on the compromise and settlement of the LITIGATION, and this AGREEMENT shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each MUTUAL RELEASOR.

**8.     Governing Law**

This AGREEMENT shall be interpreted in accordance with and governed in all respects by the laws of the State of California and any dispute under this AGREEMENT shall be determined in the Central District of California and each party agrees to submit to such jurisdiction with respect to any dispute arising under this AGREEMENT.

**9.     Severability**

If any provision of this AGREEMENT shall for any reason be held to be invalid or unenforceable, then the remainder of this AGREEMENT shall be unaffected thereby, and remain in full force and effect.

**10.    Effective Date**

This AGREEMENT shall be effective on the date that it has been signed by all parties.

**11.    Counterparts**

The parties may sign this AGREEMENT in counterparts, and each signed counterpart shall become part of the final AGREEMENT and shall have the same force and effect thereof. A copy of any signature on a signature page, whether by facsimile, e-mail, or otherwise, shall be as valid and binding as an original signature.

*Tokio Marine America Insurance Company*                 *Reliable Express Transportation, Inc.*

TM Claims Service, Inc. for Tokio Marine America
_____                       _____
By: _James M. [signature]_                              By: _____
Its: _Manager, Cargo Claims_                            Its: _____
Date: _December 13, 2022_                               Date: _____

*UPS Supply Chain Solutions, Inc. and*
*UPS Ocean Freight Services, Inc.*


_____
By: _____
Its: _____
Date: _____

7. **Entire Agreement and Successors in Interest**

This AGREEMENT is the final expression of the MUTUAL RELEASORS' agreement on the compromise and settlement of the LITIGATION, and this AGREEMENT shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each MUTUAL RELEASOR.

8. **Governing Law**

This AGREEMENT shall be interpreted in accordance with and governed in all respects by the laws of the State of California and any dispute under this AGREEMENT shall be determined in the Central District of California and each party agrees to submit to such jurisdiction with respect to any dispute arising under this AGREEMENT.

9. **Severability**

If any provision of this AGREEMENT shall for any reason be held to be invalid or unenforceable, then the remainder of this AGREEMENT shall be unaffected thereby, and remain in full force and effect.

10. **Effective Date**

This AGREEMENT shall be effective on the date that it has been signed by all parties.

11. **Counterparts**

The parties may sign this AGREEMENT in counterparts, and each signed counterpart shall become part of the final AGREEMENT and shall have the same force and effect thereof. A copy of any signature on a signature page, whether by facsimile, e-mail, or otherwise, shall be as valid and binding as an original signature.

*Tokio Marine America Insurance Company*

By: _____

Its: _____

Date: _____

*Reliable Express Transportation, Inc.*

By: _Raymond ChuoBin Pan_

Its: _Operation Manager_

Date: _12/13/2022_

*UPS Supply Chain Solutions, Inc. and*
*UPS Ocean Freight Services, Inc.*

By: _____

Its: _____

Date: _____

Page 3 of 3